IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:06-CR-46 |
| | § | |
| MICHAEL BELL (5) | § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On August 5, 2013, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Michael Bell. The government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey.

Defendant originally pled guilty to the offenses of Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class C felony, and Use and Carrying of a Firearm During a Drug Trafficking Crime, a Class A felony. The first offense carried a statutory maximum imprisonment term of 20 years, the second carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline range, based on a total offense level of 13 and a criminal history category of I, was 12 to 18 months as to the first count and 60 months, to be served consecutively, as to the second count. On November 29, 2006 U.S. District Judge Leonard Davis sentenced Defendant to 36 months imprisonment followed by 5 years supervised release, subject to the standard conditions of release as well as special conditions to include drug testing and treatment and financial disclosure. On December 10, 2008, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required in relevant part to participate in a program of testing and treatment for drug abuse. In its petition, the government alleges in part that Defendant violated his terms of supervised release by failing to submit a specimen for random drug testing.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of his supervised release by failing to submit a specimen for random drug testing, Defendant will have committed a Grade C violation. U.S.S.G § 7B1.1(a). Upon a finding of a Grade C violation the Court may: (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the government's petition. In exchange, the government agreed to recommend that Defendant serve 3 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Michael Bell be committed to the custody of the Bureau of Prisons for a term of imprisonment of 3 months with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be FCI Seagoville, Texas.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to Chief District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 8th day of August, 2013.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE